# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEFFERY BAHAM**                                    **CIVIL ACTION**

**VERSUS**                                           **NO.  14-1970**

**WARDEN JERRY GOODWIN**                             **SECTION  "N"(4)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Jeffery Baham ("Baham"), is a convicted inmate currently incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2]  On March 13, 2010, Baham was charged by Bill of Information in Washington Parish with one count of fourth offense driving while intoxicated ("DWI") and one count of driving without a license.[3]  The State filed an Amended Bill

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. Nos. 1, 15.

[3]St. Rec. Vol. 3 of 3, Bill of Information, 12/2/08.

of Information on July 14, 2010, charging Baham with one count of sixth offense DWI and one count of driving without a license.[4]

After denial of his pretrial motion to quash and suppress reference to some of the prior DWI convictions, on March 2, 2011, Baham entered a plea of guilty to the count of sixth offense DWI.[5] The State dismissed the second count of driving without a license.[6]  The Trial Court later sentenced him, on May 27, 2011, to serve eighteen (18) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[7]

Baham's conviction and sentence became final thirty (30) days later, on Monday, June 27, 2011,[8] because he did not seek reconsideration of the sentence or file an appeal.  La. Code Crim. P. art. 914;[9] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Over one year later, on July 24, 2012, Baham lodged with the state trial court a Motion to Correct Illegal Sentence and Motion for Reconsideration, Amend, and/or Modify Sentence asserting

---

[4]St. Rec. Vol. 3 of 3, Amended Bill of Information, 7/14/10.

[5]St. Rec. Vol. 3 of 3, Plea Minutes, 3/2/11; Plea Transcript, 3/2/11.

[6]St. Rec. Vol. 3 of 3, Plea Transcript, p. 41, 3/2/11.

[7]St. Rec. Vol. 3 of 3, Sentencing Minutes, 5/27/11; Sentencing Transcript, 5/27/11;Committment, 5/31/11.

[8]The thirtieth day fell on Sunday, June 26, 2011, moving the end of the period to the next business day, Monday, June 27, 2011.  *See* La. Code Crim. P. art. 13.

[9]Louisiana law requires a criminal defendant to move for leave to appeal within thirty(30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

that he should have been sentenced with the benefits of parole, probation, and/or suspension of sentence, as well as good-time eligibility.[10]  The Trial Court denied the motion to correct without stated reasons on July 30, 2012, and the motion to reconsider on August 13, 2012, both without stated reasons.[11]  Baham's applications for supervisory review in the Louisiana First Circuit and Louisiana Supreme Court were denied without stated reasons on November 26, 2012 and April 12, 2013, respectively.[12]

While this review was pending, on September 26, 2012, Baham signed and submitted an application for post-conviction relief, filed by the Trial Court on November 7, 2012, in which he asserted three grounds for relief:[13] (1) he was denied effective assistance of counsel during pretrial motions and the plea proceedings; (2) the State relied on two prior DWI convictions that were over ten years old and not to be used to enhance his charge; (3) two of the prior convictions were received on the same date and only should have counted as one conviction in the bill of information; and (4) counsel failed to file a motion to amend the charge to attempted DWI.  After receiving additional briefing from the State and Baham, the Trial Court denied the application as meritless on June 21, 2013.[14]

---

[10]St. Rec. Vol. 3 of 3, Motion to Correct an Illegal Sentence, 7/24/12; Motion for Reconsideration, 7/24/12.

[11]St. Rec. Vol. 3 of 3, Trial Court Order, 7/30/12; Trial Court Order, 8/13/12.

[12]*State ex rel. Baham v. State*, 111 So.3d 1015 (La. 2013); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2012-KH-2507, 4/12/13; La. S. Ct. Writ Application, 12-KH-2507, 11/26/12; 1st Cir. Order, 2012-KW-1583, 10/29/12; St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Writ Application, 2012-KW-1503, 9/12/12.

[13]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 11/7/12 (dated 9/26/12).

[14]St. Rec. Vol. 3 of 3, Order and Reasons for Judgment, 6/21/13; Traverse, 5/20/13; State's Answer, 12/20/12; Supplement to Memorandum, undated; Trial Court Order, 12/10/12.

The Louisiana First Circuit denied Baham's related application on the showing made on October 11, 2013.[15]  Baham's writ application to the Louisiana Supreme Court only addressed the denial of relief on the claims that he was denied effective assistance of counsel and that two of the prior convictions were more than ten years old.[16]  The Court denied his writ application without stated reasons on July 31, 2014.[17]

## II.   Federal Habeas Petition

On August 25, 2014, the Clerk of this Court filed Baham's petition for federal habeas corpus relief in which he raised the following grounds for relief:[18] (1) he received ineffective assistance of counsel during pretrial motions and the plea proceedings; (2) two (or three) of the prior convictions were received on the same date and only should have counted as one conviction in the bill of information; (3) he should only have been charged with attempted DWI because he was not driving at the time of his arrest; and (4) the Trial Court erred in sentencing him without parole, probation, or suspension of sentence.

The State filed an answer and memorandum in opposition to the petition arguing that Baham did not timely file his federal petition and conceding that Baham exhausted state court review of the

---

[15]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2013-KW-1322, 10/11/13; 1st Cir. Writ Application, 2013-KW-1322, 7/26/12.

[16]St. Rec. Vol. 2 of 3, La. S. Ct. Writ Application, 13-KH-2683, 11/18/13 (dated 11/8/13).

[17]*State ex rel. Baham v. State*, 146 So.3d 545 (La. 2014); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2013-KH-2683, 7/31/14.

[18]Rec. Doc. No. 1.

4

claims.[19]  Alternatively, the State's contends that Baham's claims are without merit.  In his reply to

the State's response in opposition, Baham urges the Court to consider the merits of his ineffective

assistance of counsel arguments.[20]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this Court by Baham under

the federal mailbox rule on August 23, 2014.[22]  The threshold questions on habeas review under the

amended statute are whether the petition is timely and whether the claim raised by the petitioner was

adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th

Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  As indicated above, the State initially urges and the

record demonstrates that Baham's petition should be dismissed as untimely filed.

---

[19]Rec. Doc. No. 14.

[20]Rec. Doc. No. 19.

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Baham's federal habeas petition on August 25, 2014, when pauper status was granted.  Baham dated his signature on the memorandum attached to his petition on August 23, 2014.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to the Court.

**IV.**     **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[23] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above, Baham's conviction was final on June 27, 2011, when he did not seek reconsideration of his sentence or move for leave to appeal.  Pursuant to § 2244, Baham had one year from that date, or until June 26, 2012, to file a timely federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Baham's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

**A.**     **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of §

---

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the

7

federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA one-year filing period began to run on June 28, 2011, the day after his conviction became final.  The filing period continued to run uninterrupted until June 26, 2012, when it expired.  Baham had no properly filed state application for post-conviction or other collateral review, as defined above, pending during that time.

In his reply to the State's opposition, Baham concedes that no appeal or timely motion to reconsider the sentence, or any other collateral challenge, was filed during the relevant period of time in a manner to interrupt the federal filing period.[24]  In anticipating a limitations defense, Baham also indicates in his petition that some of his delay was attributable to his efforts to obtain copies of transcripts and documents from the state trial court between June of 2011 and January of 2012.[25]  However, requests for document and transcript copies are not other collateral review for purposes of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (stating that the petitioner should file application and then continue to gather transcripts); *Grayson v.*

---

[24]Rec. Doc. No. 19.

[25]Rec. Doc. No. 1, pp. 11-12.

*Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (finding delay in receipt of transcript not required to file the application, does not warrant equitable tolling).  Under federal habeas law, Baham's efforts to obtain such copies do not provide him with any statutory tolling benefit.

In addition, Baham concedes that he received the transcript copies from the state court in "the first part of March, 2012."[26]  The record confirms that he did not make a timely federal filing or have any other state court pleadings pending between March of 2012 and the expiration of the AEDPA filing period on June 27, 2012.  He did not seek state collateral review until he submitted his untimely motion to correct his sentence, filed on July 24, 2012, leading to his pursuit of post-conviction relief in his petition filed in the state trial court on November 7, 2012.  These pleadings submitted under the applicable mailbox rules for filing to the state courts after expiration of the AEDPA filing period do not provide Baham any tolling benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Baham's federal petition deemed filed on August 23, 2014, was not timely filed in this Court under the AEDPA.

**B.     No Equitable Tolling**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v.*

---

[26]*Id.*, p. 12.

*Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming

without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Baham has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation.  He also has no basis to excuse the delay as caused by his trial counsel, an argument he makes in his reply to the State's opposition.  As asserted by the State and discussed at the plea and sentencing hearings, under state law, Baham waived his right to appeal all non-jurisdictional issues when he entered his guilty plea in 2011.  He has not established that counsel had such a basis to appeal the conviction.  Baham also has shown no meritorious state law ground on which his counsel could have or should have filed a timely motion to reconsider the sentence, a sentence imposed pursuant to the plea discussions and after the extensive sentencing hearing.  The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects simply that the petitioner did not timely pursue federal habeas review.  There is no basis for equitable tolling in this case.[27]

---

[27]Although not raised by Baham, the Court notes for the benefit of a reviewing court that the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide an excuse for petitioner's failure to timely file this federal petition.  In *Martinez*, the Supreme Court held that a state imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added).  In this case, petitioner's ineffective assistance of counsel claims were addressed by the state courts on the merits and were not subject to a state court imposed procedural bar.  The bar to review here is petitioner's failure to meet the federal limitations deadline under the AEDPA.  The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.");  *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014);  *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).  These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA.  *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review,

For all of the foregoing reasons, Baham's federal petition deemed filed on August 23, 2014, which was over two years after the one-year AEDPA filing period expired on June 26, 2012, is untimely filed and should be dismissed for that reason.

## V.      Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Baham's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 24th day of February, 2015.

_____
                **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**

---

within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  For these reasons, neither *Martinez* nor *Trevino* offer petitioner any equitable or statutory relief from his untimely filing.

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.